CRUZ *v.* HERNAIZ ET AL.

APPEAL from the District Court of San Juan.

No. 273.—Decided March 26, 1909.

CONSIDERATION OF EVIDENCE—PROOF OF PASSION OR PREJUDICE—CONTRADICTORY EVIDENCE.—When the evidence is contradictory the conclusions of the trial court must be respected by the appellate court, unless it be established that the lower court in its findings on the evidence acted with passion, prejudice, or prompted by any similar motive.

The facts are stated in the opinion.

*Messrs. Sweet, Rossy and Campillo* for appellant.

*Mr. Sarmiento* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

Prudencio Cruz instituted proceedings to establish the ownership of 66 *cuerdas* of land, alleging that he had acquired 33.75 *cuerdas* by purchase from his cousins by private instrument, in the year 1866, and 32.25 *cuerdas* as part of the 53 which had been awarded to him on September 2, 1866, for the payment of common charges against the testamentary Estate of José and Polonia de la Cruz.

The Estate of Juan Bautista Hernaiz contests the proceedings, absolutely denying the allegations of the petitioner.

The aforesaid estate in its turn instituted proceedings to establish the ownership of 61 *cuerdas* of land, the petitioners alleging that they had acquired the land by inheritance from their father and husband, respectively, more than 30 years before.

Prudencio de la Cruz opposed the declaration sought.

The judge ordered the consolidation of all these proceedings for the purposes of rendering a final judgment determining all the alleged rights of the parties.

This decision having been accepted, the trial was held and the District Court of San Juan rendered the following judgment:

"These consolidated actions having been called for trial, the parties appeared through their counsel and announced that they were ready for trial, they read their allegations and presented their evidence, the proceedings being concluded and ready for judgment.

"And the court, taking into consideration the allegations, evidence and arguments, and on the grounds set forth in the opinion, holds that the law and the facts are against the petition for a declaration of ownership made by Prudencio de la Cruz in proceedings No. 1465, and in favor of the opponents; and that the law and the facts are also against said Prudencio de la Cruz in the opposition he made to the declaration of ownership applied for by Juan Brigido Hernaiz *et al.*, and consequently renders judgment holding that Prudencio de la

Cruz had not established the ownership of the property described as follows:

"A rural estate consisting of 66 *cuerdas* (equivalent to 25 hectares, 94 ares and 6 centiares), situated in the *barrio* of Sabana Llana, Municipal district of Río Piedras, P. R., bounded on the north by lands belonging to Petrona Colón and the Estate of Hernaiz; on the south, by lands belonging to Luis Hernández, now Cesareo Fernández; on the east, by lands belonging to Harvey MacLeary Hutchison, and on the west by lands belonging to Pedro Elzaburu.

"It is also held that Juan, Brigido, Justo and Rufo Hernaiz y Ramos and José Concepción, Juan Francisco, Rafael and Juan Hernaiz y Filomeno and Aquilina Filomeno, are the owners by possession for more than 30 years in good faith and furthermore under a proper title, at least since 1874, of undivided interests in the following estates which they acquired from their predecessor in interest, Juan Bautista Hernaiz as the husband of the last named and father of the others:

"A rural estate situated in the *barrio* of Sabana Llana in the municipal district of Río Piedras, on the Trujillo Alto Road, consisting of 61 *cuerdas*, bounded on the north by lands possessed by Prudencio de la Cruz and other lands belonging to Petrona Colón, Barbara Velázquez and Olaya Clemente; on the south, by property belonging to Allen Herbert Viwell and Pedro de Elzaburu; on the east by lands possessed by Prudencio de la Cruz and on the west by property belonging to Juan Clemente and María Suazo."

"It is also held that Juan Bautista Hernaiz acquired this estate in the manner and on the dates which follow: 28 *cuerdas* sold to him by Prudencio de la Cruz by deed of September 14, 1866; 10 *cuerdas* more which the said Prudencio de la Cruz sold him on January 24, 1872; four *cuerdas* which he acquired by purchase from Isabel Clemente on October 19, 1874; nine *cuerdas* sold him by María Concepción Praxedes, Paula and Petrona and Dionisia Cruz Salaman, and for which a judicial deed was executed to him on September 3, 1868; and 10 *cuerdas* more which were awarded to him on January 15, 1872, at the judicial sale thereof.

"It is likewise ordered that a record of this declaration of ownership be made in favor of the Estate of Hernaiz, consisting of the persons above mentioned, on account of the latter not having any recordable titles, the adjoining owners, the former owners and the *fiscal* having been heard.

"And, finally, all the costs of the two consolidated actions are taxed against Prudencio de la Cruz.

"The secretary will enter this judgment in his books and issue a writ of execution for the satisfaction thereof. San Juan, P. R., January 29, 1908. Pedro de Aldrey, Judge of the First Section."

Prudencio de la Cruz took an appeal from said judgment to this Supreme Court, and we have here the record with a statement of facts approved and signed by the Judge of the First Section of the District Court of San Juan.

The parties entered an appearance in this appeal and filed their briefs and made oral arguments at the hearing.

Upon entering upon a consideration of the evidence in this case it appears strange that Prudencio de la Cruz who alleged in his complaint that he had acquired part of the estate by purchase from his cousins, under a private instrument, and that the other part had been awarded to him for the payment of charges against the testate estate of José and Polonia de la Cruz, should not prove these facts by documentary evidence nor explain the reasons why he did not present the documents to which he referred, but that on the contrary it appears at folio five of the statement of facts that he had said "That his cousins did not have to give him any document whatsoever." So that there is a manifest contradiction between his complaint and his testimony at the trial.

But upon carefully examining all the evidence which has been presented here, there is a preponderance in favor of Juan Brigido Hernaiz and others, because by means of public documents and witnesses who confirm and ratify them they carry conviction of their rights in this case.

On the other hand, Prudencio de la Cruz has presented only the testimony of witnesses which contradicts all that presented by the adverse party, and when this occurs the conclusions of the trial court must be respected by the appellate court, unless it be established that the lower court in its findings on the evidence acted with passion, prejudice or prompted by any similar motive.

This doctrine has been maintained by this Supreme Court in several cases and among others in that of *José Morales* v. *Machete Central,* 9 P. R. Rep., 117, as also in that of *Pedro Auffant y Figueroa* v. *Juan Serra Urgell et al.,* 14 P. R. Rep., 39, and in the other cases therein cited.

And this is doubtless the proper doctrine, because only the judge before whom all the evidence is developed can consider it in all its details and arrive at a more exact conclusion of the veracity thereof.

The appellant does not attack the evidence in any particular respect nor does he allege the violation of any provision of law in the findings thereon, but confined himself to summarizing it again when it already appears in the statement of facts duly approved.

The appellant makes an argument which we must consider and that is the following:

"That the estate of Hernaiz cannot produce a title of ownership better than that represented by the public deeds which they have presented, and, therefore, the law cannot grant their petition for a declaration of ownership which they seek and already have."

But it must remembered that those titles of the Estate of Hernaiz are not recordable on account of their nature. They refer to small sections of land, the boundaries of which are not stated, but with the testimony of the witnesses which they a'so produced, the trial judge has been able to form a judgment as to the ownership and declare it as he has in favor of the said estate.

It is now stated by the appellant that it is necessary to make a survey and measurement of all these lands in order that the Hernaiz Estate may know exactly what belongs to them as well as Prudencio de la Cruz.

But now under the conditions in which this matter is presented nothing is left to do but to decide the question of ownership sought to be established.

The judge weighed all the evidence after hearing the contending parties, who in their turn made such allegations as they thought advisable in support of their contentions, and he arrived at a conclusion in his judgment which we believe conforms to the law and we believe it should be affirmed in every respect with the costs of this appeal against the appellant.

*Affirmed.*

Acting Chief Justice Hernández and Justices MacLeary and Wolf concurred.